**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MYCHAL PACE, et al.,

                Plaintiffs,

v.                                        Case No. 11-12888

CITY OF DETROIT, et al.,

                Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFFS' STATE-LAW CLAIMS**

Pending before the court is Plaintiffs' amended complaint, filed on July 5, 2011, which alleges the following counts:

- Count I, "Illegal Search and Seizure, Excessive Force, (4th Amendment)," which is actionable under 42 U.S.C. § 1983;

- Count II, "42 USC §1983 Deprivation, Individual Police Officers";

- Count III, "42 USC §1983 Deprivation, Municipal/Supervisory Liability";

- Count IV, assault under Michigan law;

- Count V, false imprisonment under Michigan law; and

- Count VI, intentional infliction of emotional distress under Michigan law.

As a preliminary matter, the court has original jurisdiction over Plaintiffs' claims invoking § 1983. 28 U.S.C. § 1331. Because Plaintiffs' state-law claims arise out of the same incident and share a common nucleus of operative fact, the court could exercise supplemental jurisdiction over the state-law claims. The law has long held, however, that supplemental (formerly "pendent party") jurisdiction may be denied if "it

appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims.  28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1968).

Plaintiffs' state-law claims do not have original jurisdiction in federal court.  The inclusion of Plaintiffs' state claims with Plaintiffs' federal claims for infringement of his constitutional rights under 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome.  Additionally, these claims would predominate over Plaintiffs' § 1983 federal claims.  Pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the court will exercise its discretion to decline supplemental jurisdiction over Plaintiffs' state-law claims.  Having carefully reviewed the complaint, the court concludes that adjudicating the state-law claims under supplemental jurisdiction is not in the interest of judicial economy, convenience, fairness, and comity. *See Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998).

Litigation in federal court that mixes federal-law claims with supplemental state-law claims can cause procedural and substantive problems; in the interests of judicial economy and convenience, these problems should be avoided.  Even where the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions leading to potential confusion of the jury, result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing-party attorney fees.  The apparent judicial economy and convenience to the parties of a court exercising supplemental jurisdiction over state claims may be substantially offset by problems simultaneously created.

The court finds that the circumstances present in this case create a likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome.  Although some duplication of effort may be required if Plaintiffs decide to pursue all claims, any advantages to be gained by trying all claims together are outweighed by the potential for confusion of the issues, legal theories, and defenses.  The court will not exercise supplemental jurisdiction and will dismiss without prejudice all state-law claims.  Accordingly,

IT IS ORDERED that all of Plaintiffs' state-law claims including, without limitation, claims of assault (Count IV), false imprisonment (Count V), and intentional infliction of emotional distress (Count VI), are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that only Plaintiffs' claims arising under 42 U.S.C. § 1983 (Counts I-III) now remain before this court.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2011, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-12888.PACE.DismissStateLawClaims1983.jmp.wpd